IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| REY D. AGUILAR, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action File<br>) No. 2:17-cv-00168-RWS |
| TAYLOR PALLETS OF GEORGIA, INC. | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Rey D. Aguliar files this Complaint against Taylor Pallets of Georgia, Inc. for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorney's fees. Plaintiff alleges as follows:

## PARTIES

1. Plaintiff is a resident of Georgia in this judicial district and division.

2. Taylor Pallets of Georgia, Inc. ("Taylor Pallets") is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as P.O. Box 13109, Anderson, SC, 29624.

3. Defendant's registered agent for service of process is Russ Day, 1030 Bankhead Hwy, Winder, GA, 30680.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendant transacts business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## FACTS

6. The relevant time period is three (3) years prior to the filing of this complaint.

7. Taylor Pallets owns and operates a pallet recycling facility at 1030 Bankhead Highway, Winder, GA 30680, where Plaintiff worked and was denied earned wages and overtime.

8. Plaintiff was a non-exempt hourly worker for Taylor Pallets during the relevant period.

9. At all times throughout the relevant period, Plaintiff was paid a regular hourly rate of $15.00 per hour for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

10. Taylor Pallets willfully refused to pay Plaintiff properly for overtime

compensation as required by federal law.

11. Taylor Pallets maintained records of hours that Plaintiff worked.

12. At all times throughout the relevant period, Plaintiff was an "employee" of Taylor Pallets and covered under the FLSA.

13. At all times during the relevant period, Taylor Pallets was the "employer" of Plaintiff under the FLSA.

14. At all times during the relevant period, Taylor Pallets had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

15. At all times during the relevant period, Taylor Pallets was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

16. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

17. At all times during the relevant period, Taylor Pallets was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29

U.S.C. §§ 206(a) and 207(a).

18. At all times during the relevant period, Taylor Pallets employed Plaintiff within the meaning of the FLSA.

19. At all times during the relevant period, Taylor Pallets had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked in excess of forty (40) hours per workweek.

20. As a result of Taylor Pallets's willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek, Taylor Pallets violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

21. Taylor Pallets's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

22. Due to Taylor Pallets's FLSA violations, Plaintiff was damaged and is entitled to recover from Taylor Pallets compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this

Court grant the following relief against Taylor Pallets:

    A.    An award of unpaid compensation for overtime wages to Plaintiff;

    B.    An award of all liquidated damages for unpaid overtime wages to Plaintiff;

    C.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

    D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this August 10, 2017,

**HALL & LAMPROS, LLP**

/s/ *Gordon Van Remmen*
Christopher B. Hall
Ga. Bar #318380
Gordon Van Remmen
Ga. Bar #215512

1230 Peachtree St. NE
Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.