## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into by and between Taylor Pallets of Georgia, Inc. ("Defendant") and Rey D. Aguilar ("Plaintiff") (each also a "Party" and collectively the "Parties").

WHEREAS, Plaintiff was employed by Defendant's pallet recycling facility in Winder, GA from August 2013 through May 2017; and

Plaintiff filed an action under the Fair Labor Standards Act ("FLSA") against Defendant in United States District Court for the Northern District of Georgia entitled *Rey D. Aguilar v. Taylor Pallets of Georgia, Inc.*, 2:17-00168-RWS in which Plaintiff seeks overtime wages under the FLSA as well as attorneys' fees and costs of litigation; and

WHEREAS, Defendant contends that it has paid Plaintiff all amounts owed to him in wages; and

WHEREAS, a *bona-fide* dispute exists between the Parties as to liability under the FLSA as well as amounts which may be owed under the FLSA; and

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

(1) The Parties must sign this Agreement for it to become effective. Further, the "Effective Date" of this Agreement shall be the date the Court approves the Parties' settlement as set forth herein. If the Court does not so approve the Parties' settlement, this Agreement is null, void, and of no effect, and neither Party shall rely upon or refer to this Agreement, or the terms hereof, for any purpose in the Action.

(2) In consideration of the mutual execution of this Agreement, the undertakings herein, Plaintiff's dismissal of the Action with prejudice, and the agreement to be legally bound, Defendant agrees to pay or cause to be paid the gross amount of Twenty Eight Thousand Five Hundred Dollars ($28,500.00) of which Thirteen Thousand Dollars ($13,000.00) represents wages and liquidated damages and Fifteen Thousand and Five Hundred Dollars ($15,500.00) represents attorneys' fees and costs (the "Settlement Amounts"), provided that the Court in the Action approves the Parties' settlement as outlined herein. The above amounts will be paid as follows:

(a) **Wages and Liquidated Damages:** Within ten (10) days of the Court's approval of this Settlement Agreement, Defendant shall issue two checks:

　　i. the first check in an amount of Six Thousand Five Hundred ($6,500.00) made payable to Rey D. Aguilar to be treated as wages and subject to all applicable deductions, and;
　　ii. the second check in an amount of Six Thousand Five Hundred ($6,500.00) made payable to Rey D. Aguilar to be treated as

       liquidated damages and not subject to any employment withholdings or deductions.

   (b) **Attorneys' Fees and Costs:** Within ten (10) days of the Court's approval of this Settlement Agreement, Defendant shall issue a check in the gross amount of Fifteen Thousand and Five Hundred Dollars ($15,500.00) made payable to "Hall & Lampros, LLP IOTA for the benefit of Rey D. Aguilar".

  **(3)** If any payments due under this Agreement are not received by Plaintiff's counsel on or before five (5) business days from the date they are due, such payments are late. In such event, Plaintiff shall notify Defendant's counsel of the lateness of the payment. It is expressly understood and agreed that if the full amount of a late payment is not received by Plaintiff's counsel within one (1) business day after notice by Plaintiff's counsel of lateness, Plaintiff shall be awarded, and Defendant shall be liable for liquidated damages of $2,000 plus any and all collection costs and expenses (including attorneys' fees and other costs and expenses) for such failure to timely pay. The liquidated damages provision in this paragraph applies to each of the three (3) payments contemplated in this agreement.

  It is agreed that the injury to Plaintiff for late payments is difficult or impossible to estimate accurately ahead of time; that the liquidated damages provision is compensatory rather than punitive in nature; and that the agreed amount of damages are a reasonable pre-estimate of the injury that would be suffered by the non-breaching Plaintiff.

  Any and all notices of lateness must be sent by email and facsimile to:

    Stanton E. Porter
    Kaye and Porter, LLP
    258 N. Broad Street
    Winder, GA 30680
    Tel: 770.867.4939
    Fax: 770.867.4986
    stanton@kayeandporter.com

  All such notices must be capable of proof that such notice was received.

  **(4)** It is further agreed that Defendant shall be liable for all reasonable collection costs incurred in the event Defendant defaults in making any payment required by this Agreement, including attorneys' fees and costs. Except as provided in this paragraph relating to collection attorneys' fees and costs, the Parties agree to be responsible for their own costs and expenses including attorney fees relating to this lawsuit. Payments treated as wages shall meet all withholding disclosure requirements and shall result in the issuance of a W4 in accordance with the law. The Parties understand that the payments made or received herein may result in tax liability for which they shall each be solely responsible pursuant to applicable law.

  **(5)** The Parties represent that there are no additional administrative charges, lawsuits, civil actions or claims of any kind pending against one another, their predecessors, affiliates,

subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff expressly acknowledges that upon his actual, timely receipt of all amounts set forth in Paragraph 2 hereof, he has been compensated for his claims and that, to the extent any administrative agency seeks further recovery, that, by virtue of this Settlement Agreement, he would not be entitled to any further compensation.

**(6)** This Agreement does not constitute an admission by any Party of any wrongdoing with regard to Plaintiff's employment or of any violation by any Party of any federal, state, or local law; ordinance or regulation; or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any Party. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

**(7)** Except for those obligations of the Parties set forth expressly and specifically below, the Parties do hereby irrevocably and unconditionally release and discharge forever each other from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative, or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were or could have been brought in this action, including the Fair Labor Standards Act ("FLSA"), or similar Georgia state statutes. Based on this Agreement, Plaintiff expressly releases any claims he has or may have under the FLSA.

**(8)** Nothing in the preceding paragraph shall be construed to waive any Party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the Parties is a Specific Release to be broadly construed under the FLSA, and that Defendant, their employees, agents, successors, officers, and directors are hereby released by this Agreement for all wage claims which were or could have been brought in this FLSA action.

**(9)** The Parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative, or misleading information about one another, or any matter relating to Plaintiff's relationship with Defendant, and/or, to the extent relevant, the circumstances surrounding Employee's claims against Defendant, or otherwise cast a negative characterization upon the other Party. The Parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so. If any prospective employer of Plaintiff contacts Defendant regarding Employee, Defendant shall give a neutral reference, only indicating Plaintiff's dates of employment, position(s), and pay rate(s).

**(10)** Plaintiff agrees to draft the Joint Motion to Approve FLSA Settlement which shall be approved by Defendant's counsel as to form and content prior to filing it with the Court.

**(11)** If any provision of this Agreement or the application thereof, except the payment provision set forth in Paragraph 2 and/or release set forth in Paragraphs 7 and 8, is held invalid. The invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the payment provision set forth in Paragraph

2 and/or the release set forth in Paragraphs 7 or 8 is declared invalid or unenforceable in whole or in part, the Agreement shall be null and void.

**(12)** Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

**(13)** This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

**(14)** This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

**(15)** This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law. The Parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the state or federal courts sitting in or for Barrow County, Georgia.

**(16)** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the Party waiving the breach.

**(17)** The Parties agree to jointly submit this Agreement to the Court for approval and to take all reasonable actions consistent with this Agreement, the Court's rules, and applicable ethical rules to obtain approval. Within three days of his receipt of all Settlement Amounts, Plaintiff shall file a Stipulation of Dismissal pursuant to Rule 41(a)(ii) dismissing the Action with prejudice, and with the Parties bearing their own costs; provided, however, that the Court shall retain jurisdiction to enforce this settlement.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

**[SIGNATURES ON FOLLOWING PAGES]**

This __13__ day of March, 2018.

_____
Rey D. Aguilar

This _____ day of March, 2018.

**Taylor Pallets of Georgia, Inc.**

_____
By: Gary Taylor, who is authorized to execute this Agreement on its behalf.

This _____ day of March, 2018.

_____
Rey D. Aguilar

This  23  day of March, 2018.

**Taylor Pallets of Georgia, Inc.**

_____
By: Gary Taylor, who is authorized to execute this Agreement on its behalf.